UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KASSIDY-JO GEE,

    *Plaintiff*,

v.

MIKE JOHNSON, *et al.*,

    *Defendants*.

Civil Action No. 25 - 4406 (UNA)

**MEMORANDUM OPINION**

Plaintiff Kassidy-Jo Gee, proceeding pro se, brings this action against Speaker of the U.S. House of Representatives Mike Johnson and 130 sitting state and federal judges and justices, alleging they are engaged in a criminal enterprise that traffics, tortures, and otherwise abuses children. ECF No. 1. She has also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. For the following reasons the court will grant the motion to proceed *in forma pauperis* and dismiss the case without prejudice for lack of subject-matter jurisdiction.

A court may dismiss a case *sua sponte* for lack of subject-matter jurisdiction. When a complaint is "'patently insubstantial,' presenting no federal question suitable for decision," the court lacks authority to hear the case and dismissal is warranted. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). That standard includes cases that are "so attenuated and [in]substantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). Generally, *sua sponte* dismissal for lack of subject-matter jurisdiction is "reserved for complaints resting on truly fanciful *factual* allegations," while motions to dismiss

under Federal Rule of Civil Procedure 12(b)(6) "cull *legally* deficient complaints." *Best*, 39 F.3d at 331 n.5.

Here, Ms. Gee's allegations are patently insubstantial and deprive the court of jurisdiction to hear her case. For example, she claims that Chief Justice John Roberts "[e]nrich[es] himself through the commodification of children" by participating in "judicial kidnapping" and a "conspiracy to maintain a racketeering enterprise." ECF No. 1, at 39.[1] She also asserts that Defendants' "enterprise . . . orchestra[es] mass trafficking that constitutes a genocide of children on a global scale." *Id.* at 44. Ms. Gee contends that this "Judicial Racket Enterprise" has "systematically weaponized Title IV funding, guardianship proceedings and custody litigation to traffic children, launder federal funds, and silence dissent." *Id.* at 53. "Beyond trafficking, the enterprise perpetuated acts of cannibalism and other grotesque abuses shielded by the absence of explicit federal prohibition of cannibalism and further protected by wealth, secrecy, and corrupt judicial mechanisms." *Id.* at 46. Based on these allegations, Ms. Gee seeks various forms of relief, including "RICO forfeiture of all profits and assets obtained through the [criminal enterprise]," "[d]issolution of Title IV trafficking incentives," and more than $10 trillion in damages—representing the net worth of several large financial institutions that have allegedly profited from Defendants' scheme. *Id.* at 72-73. Ms. Gee's allegations of a widespread and global criminal conspiracy are similar to those that courts have routinely dismissed for "patent insubstantiality." *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (collecting cases).

---

[1] The citations to ECF No. 1 refer to the ECF-generated page numbers at the top of each page rather than any internal pagination.

For the foregoing reasons, the court will grant Ms. Gee's motion to proceed *in forma pauperis*, ECF No. 2, and dismiss this case without prejudice for lack of subject-matter jurisdiction. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:  February 17, 2026